Mario Pittoni, J.
Motion for summary judgment in an action to set aside conveyances made in fraud of creditors. The papers submitted reveal no question of fact necessitating a trial.
The plaintiff commenced an action against Robert Conrad in August, 1953 for fraud, breach of warranty and conversion. At that time Robert Conrad had title to Lots 50 to 53, Block 475-2, Section 35, as shown on the land and tax map of the County of Nassau. In May, 1955, while the aforesaid action was pending, the property was transferred without consideration to Evelyn A. Conrad. In May, 1958 a mortgage was given to Alice Canner (sister of Robert Conrad) for no consideration. A notice of pendency of action was filed on August 8,1960.
The documents on record and the answers of the defendants on their examinations before trial clearly reveal the actual ownership of the property to have been in Robert Conrad and not merely the title as now contended by the defendant Evelyn A. Conrad. “ It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare, and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial” (Di Sabato v. Soffes, 9 A D 2d 297, 301). Admittedly, no consideration was given for the conveyance to Evelyn Conrad or for the mortgage given by that defendant to Alice Canner, and I find no other inference reasonable than one: that the aforesaid conveyances were made with the actual intent to hinder, delay, and defraud present or future creditors of the defendant Robert Conrad. Motion granted.